UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRICK ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14 C 9064 |
| ) | Hon. Marvin E. Aspen |
| COOK COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 7, 2014, Plaintiff Kendrick Robinson filed this action against the Cook County Sheriff's Department ("CCSD") pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging violations of his Constitutional rights as well as violations of state law. CCSD then filed a motion to dismiss the complaint. (MTD (Dkt. No. 16) at 1, 3.) In response, Plaintiff filed a motion to amend his complaint, (Mot. to Am. (Dkt. No. 19), adding two particular officers and including some additional detail about his damages, (Am. Compl. (Dkt. No. 21) ¶¶ 4, 9). CCSD then objected, asking that we deny the amendment as futile and dismiss the action. (Resp. (Dkt. No. 25) at 2–3, 5–6.) As set forth below, CCSD's motion, (Dkt. No. 16), is granted and Plaintiff's motion to amend, (Dkt. No. 19), is granted.

In addition, we also briefly address Plaintiff's discovery motion, (Dkt. No. 23), requesting production of certain recordings. We deny that motion as premature, without prejudice.

**BACKGROUND**

In the original complaint, Plaintiff alleged that he was unlawfully arrested at the Markham state courthouse on October 9, 2014. (Compl. ¶¶ 5.) Plaintiff charged that CCSD

1

used excessive force and denied him access to medical care when injured in CCSD's custody. (*Id.* ¶¶ 5, 7.) Specifically, Plaintiff claimed that CCSD officers handcuffed him, with his hands behind his back, for more than two hours in lock-up, resulting in injuries to his hands and wrists. (*Id.* ¶¶ 5, 7, 9.) Plaintiff also alleged that CCSD officers harassed him that day at the courthouse, prior to his arrest, as well as on other unspecified occasions. (*Id.* ¶ 7.)

The proposed amended complaint includes identical factual allegations. In the amendment, Plaintiff also names two officers as defendants, Officer Bradley Rucks and Sheriff Supervisor Desmond Parker ("Defendant-Officers"). (Am. Compl. ¶ 4.) Plaintiff includes a few more details about his injuries, medical treatment, and damages, and attaches exhibits in support of his allegations. (*Id.* ¶ 9 & Exs.) As in the original complaint, Plaintiff also alleges false arrest, false imprisonment, malicious prosecution, assault, battery, and conspiracy under Illinois law. (*Id.* ¶ 11.) He seeks $100,000 in damages, as well as injunctive relief.

In its motion, CCSD argues that Plaintiff's claims against it must be dismissed because it is not a suable entity. (MTD at 3.) In its response to Plaintiff's amendment, CCSD contends that the amendment is futile because it fails to state a claim upon which relief can be granted. (Resp. at 5–6.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits of the case." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to

2

state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev.*, *N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not contain "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555, 127 S. Ct. at 1964. In addition, because of Plaintiff's pro se status, we are under a special obligation to construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

## ANALYSIS

We begin our analysis with the dispositive questions before us. As discussed below, we conclude Plaintiff may proceed with his amended complaint against Defendant-Officers. We then consider Plaintiff's discovery motion, which was filed prematurely but appears to be a valid discovery request.

## I. MOTION TO DISMISS

In its February 4, 2015 motion to dismiss, CCSD contends that it is not a legal entity capable of being sued. (MTD at 3.) Under Rule 17(b), a defendant in a lawsuit must possess the legal capacity to be sued, and, in this instance, that capacity is analyzed under the law of the state

where the court is located. Fed. R. Civ. P. 17(b). Illinois law is thus applicable and provides that "[a] party to litigation must have a legal existence, either natural or artificial, to sue or be sued." *Hall v. Will. of Flossmoor Police Dep't*, No. 11 C 5283, 2012 WL 379902, at *2 (N.D. Ill. Feb. 1, 2012) (quoting *Jackson v. Village of Rosemont*, 180 Ill. App. 3d 932, 937, 536 N.E.2d 720, 732 (1st Dist. 1988)). It is well-settled that the Cook County Sheriff's Department is not a separate legal entity under Illinois law and cannot be sued directly. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *Whitted v. Eve Cook County Sheriff's Office*, 12 C 2461, 2013 WL 4840488, at *2 (N.D. Ill. Sept. 10, 2013); *Halsey v. Cook County Dep't of Corr.*, 13 C 5975, 2013 WL 4674876, at *1 (N.D. Ill. Aug. 30, 2013); *Tate v. Cook County Sheriff's Merit Bd.*, 06 C 4620, 2007 WL 2962785, at *1–2 (N.D. Ill. Oct. 4, 2007); *Foster v. Unknown Cook County Deputy Sheriff*, 914 F. Supp. 221, 224 (N.D. Ill. 1995). As such, Plaintiff cannot sue CCSD. We therefore dismiss all claims against CCSD.[1]

## II. AMENDMENT OF COMPLAINT

We next address CCSD's objection to Plaintiff's amended complaint.[2] CCSD argues that Plaintiff's amendment cannot survive a Rule 12(b)(6) attack because it lacks sufficient factual

---

[1] To sue the Cook County Sheriff's Office, the proper defendant is the sheriff himself, currently Thomas J. Dart. *See Towns v. Dart*, 15 C 1461, 2015 WL 1542510, at *1–2 (N.D. Ill. Apr. 5, 2015); *Whitted*, 2013 WL 4840488, at *2; *Gilbert v. Ross*, 09 C 2339, 2010 WL 145789, at *2 (N.D. Ill. Jan. 11, 2010). Plaintiff has not sought to name Sheriff Dart as a defendant. Because Plaintiff's allegations (in either complaint) do not support claims against Sheriff Dart in either his official or individual capacity, substitution of Sheriff Dart in lieu of CCSD is not warranted at this time. *See, e.g.*, *Towns*, 2015 WL 1542510, at *1 (allowing suit against Dart nominally, to enable plaintiff to take discovery in order to identify the officers personally involved in the alleged misconduct); *Winfield v. Dart*, 13 C 8237, 2014 WL 983137, at *1–3 (N.D. Ill. Mar. 13, 2014) (addressing individual capacity claim against Sheriff Dart).
[2] CCSD did not object to Plaintiff's proposed amendment as untimely. Under Rule 15(a), a plaintiff may amend the complaint as a matter of course within twenty-one days after service of a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Our briefing schedule gave Plaintiff additional time, through March 18, 2015, to respond to the motion to dismiss. (Dkt. No. 18.) Although

4

detail to plausibly state a claim. (Resp. at 5–6.) CCSD contends that Plaintiff's amended complaint simply asserts conclusions and labels. (*Id.*)

Under Rule 8, a plaintiff need only provide a "short and plain statement" with enough detail from which a defendant can fairly comprehend the claims against it and mount a defense. Fed. R. Civ. P. 8(a); *see Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. Based on our liberal review of the complaint, including its exhibits, we find that Plaintiff has met that standard here.

Plaintiff has alleged the specific date, time, and place where the primary incident occurred and has offered the names of two specific officers involved. Plaintiff alleges that on October 9, 2014, at approximately 9:45 a.m., he had an encounter with officers at the Markham state courthouse. (Am. Compl. ¶¶ 5–7.) Although Plaintiff does not specify that the two named Defendant-Officers personally participated in the allegedly unlawful conduct, it is reasonable to infer that allegation from his use of the word "defendants" in the complaint.[3] (*Id.*) *See Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (stating that we interpret a complaint "in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor"); *Thompson*, 300 F.3d at 753 (same). As a result of this encounter at the courthouse, Defendant-Officers unlawfully cited Plaintiff for disorderly conduct and arrested him without probable cause.

---

Plaintiff's response (his motion to file an amended complaint) was filed a day later, we accept it and CCSD has not challenged that filing on procedural grounds. (*See* Resp. at 5–6.)

Technically, Plaintiff did not require leave of the court to file this amendment. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721–22 (7th Cir. 2011) (explaining that a plaintiff "retains the ability to amend his complaint once as a matter of right" even after the filing or granting of a motion to dismiss). This minor procedural misstep does not matter because, at this point in the proceedings, our analysis is the same whether we treat the amendment as proposed or as already filed by right. *See, e.g., Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Dewick v. Maytag Corp.*, 296 F. Supp. 2d 905, 907 (N.D. Ill. 2003).

[3] It is also not fatal to the complaint that Plaintiff omitted details about the encounter that lead to his detention and arrest.

Plaintiff further alleges that Defendant-Officers detained him that day for more than two hours in lock-up, with his hands cuffed behind his back. (Am. Compl. ¶ 7; *see also id.* at Ex. at 10 (10/24/14 medical consultation form, stating that Plaintiff reported he was handcuffed for two hours on October 9, 2014 after being held for disorderly conduct at the courthouse).) He asserts that the extended handcuffing sprained ligaments in his wrists and hands. (Am. Compl. ¶¶ 7, 9.) He alleges that Defendant-Officers relatedly used excessive force and failed to provide him with needed medical care. (*Id.* ¶¶ 5, 7.) In addition to his federal claims, Plaintiff raises various state-law civil rights and tort claims, stemming from the same conduct. (*Id.* ¶ 11.) These allegations, while not verbose, are sufficient to put Defendant-Officers on notice of the claims asserted against them in their individual capacities[4] based on their alleged conduct on October 9, 2014.

CCSD points out that the amended complaint also includes additional, unrelated allegations. (Resp. at 5.) For example, Plaintiff alleges that "defendants continually harassed him . . . and were known to follow him around, as well as stand behind him during testimony in his case." (Am. Compl. ¶ 7.) We agree with CCSD that these allegations are vague and are not necessarily related to the October 9, 2014 incident. We also agree that passing allegations about other officers seem misplaced and potentially non-actionable. (*Id.*)

---

[4] The amended complaint does not indicate whether Plaintiff seeks to sue Defendant-Officers in their individual or official capacities. In such a situation, we look to the nature of the claims brought and the relief sought. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000); *Williams v. Macklin*, 08 C 614, 2008 WL 4696136, at *2 (N.D. Ill. Oct. 23, 2008). Here, Plaintiff primarily seeks compensatory damages based on the tortious conduct of Defendant-Officers. He has not alleged a constitutional violation based on an official policy, widespread custom, or deliberate act of a county decision-maker, as required to state an official-capacity claim under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotation omitted); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 (1978). Accordingly, we construe the complaint as raising claims against Defendant-Officers in their individual capacities only.

Nonetheless, the amended complaint as a whole provides sufficient notice to Defendant-Officers about the claims against them. We conclude that Plaintiff's proposed amendment is not futile and therefore grant Plaintiff's motion. We permit the addition of Defendant-Officers as parties and instruct Plaintiff to ensure that they receive service of process consistent with Rule 4.

### III. PLAINTIFF'S DISCOVERY MOTION

Next, we briefly address Plaintiff's discovery motion, filed March 25, 2015. (Dkt. No. 23.) Plaintiff has requested video footage relating to the October 9, 2014 incident, as well as documents relating to the allegations of the complaint.

CCSD objects to the motion on two grounds. (Resp. to RFP Mot. at 3.) First, CCSD correctly notes that this discovery request is premature, because no Rule 26(f) conference has been held. Second, CCSD argues that discovery would be inappropriate in light of the dispositive motions, which we have now resolved. (*Id.*) CCSD's first objection continues to have merit, and we deny Plaintiff's motion without prejudice.

After Defendant-Officers have been served with process, discovery will begin with a Rule 26(f) planning conference. Fed. R. Civ. P. 26(f). The parties will also exchange initial disclosures as required by Rule 26(a) and in the time set forth by Rule 26(a)(1)(C). At that time, the parties will begin discovery in earnest, and Plaintiff may renew his request for these materials. We encourage Plaintiff to review Rule 26 in preparation for the planning conference.

**CONCLUSION**

For the reasons set forth above, we grant CCSD's motion and dismiss CCSD from this action. (Dkt. No. 16.) We also grant Plaintiff's motion to amend the complaint and to add Officers Parker and Rucks as defendants in their individual capacities. (Dkt. No. 19.)

We deny Plaintiff's discovery motion without prejudice. (Dkt. No. 23.) We order the parties to have their Rule 26(f) conference within 30 days of the completion of service on Defendant-Officers. We further order the parties to file their joint Rule 26(f) report and proposed discovery plan on or by June 30, 2015.

This case is hereby set for a status on July 9, 2015 at 10:30 a.m., at which time we will discuss the parties' discovery plan. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: May 14, 2015
       Chicago, Illinois